WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

United States of America,           )
                                    )
            Plaintiff,            )
                                    )
                        CR 10-2880 TUC DCB (CRP)

v.                                  )
                                    )
                        **O R D E R**

Shirley Anne Morgan,                )
                                    )
            Defendant,            )
_____)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 61) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence and Motion to Suppress Statements.

MAGISTRATE JUDGE'S RECOMMENDATION

On July 6, 2011, Magistrate Judge Charles R. Pyle issued a R&R. He found that the search of Defendant's vehicle was at a border crossing and, therefore, the agents did not need reasonable suspicion for the routine search of Defendant's vehicle. The Magistrate Judge found the *Miranda* warning was not jeopardized by including warnings that her statements could be used in immigration and administrative proceedings as well as in court. He found that agents did not reinitiate interrogation by requesting the Defendant sign the I-214 advisement of rights form and photographing the Defendant with the marijuana. Consequently, the Magistrate Judge recommends denying the motions to suppress.

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections).

1    The only Objection to the R&R was filed by the Defendant.  She argues that the San

2    Miguel Gate, where she crossed the border, is more like an immigration checkpoint, not a

3    regular border crossing.  Therefore, agents needed reasonable suspicion to search her vehicle,

4    which did not exist.  She concedes the validity of the *Miranda* warning, but argues agents

5    reinitiated contact after she invoked her right to counsel and, thereby, rendered her subsequent

6    statements involuntary.  The Government responded to Defendant's objections, and she filed

7    a Reply.

8                              STANDARD OF REVIEW AND CONCLUSION

9    The duties of the district court in connection with a R&R are set forth in Rule 59 of

10   the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may

11   "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

12   magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1).  "The judge may also

13   receive further evidence or recommit the matter to the magistrate judge with instructions."

14   28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

15   Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de*

16   *novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. §

17   636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the

18   district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13

19   (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en

20   banc).  Therefore, to the extent that no objection has been made, arguments to the contrary

21   have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object

22   to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes

23   to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th

24   Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is

25   no clear error on the face of the record in order to accept the recommendation).

26   The Court has considered the objections filed by the Defendant, the Response, the

27   Reply, and the parties' briefs considered by the Magistrate Judge on the motions to suppress

28   in respect to the objections.

- 2 -

OBJECTIONS

The Court rejects the Defendant's argument that the San Miguel Gate should be treated like a check point rather than a border crossing. The San Miguel Gate is without a doubt a border crossing located south of Sells, Arizona, on the Tohono O'odham Nation. It is manned by United States Border Patrol agents seven days a week, 24 hours a day. The Court finds it is does not matter whether this border crossing is a formal port-of-entry or not, nor is it relevant that the crossing is exclusively used by members of the Tohono O'odham Nation, and members who are Mexican nationals are allowed to cross into the United States by simply showing triable identification. Defendant argues that the gate simply provides access within the Tohono O'odham Nation, which extends across both sides of the border. Therefore, the purpose of the gate is not to protect the sovereign United States from entry by illegal immigrants, and the crossing is more like a check point.

The Supreme Court has explained that "'searches made at the border, pursuant to the longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country, are reasonable simply by virtue of the fact that they occur at the border.'" *United States v. Flores-Montano*, 541 U.S. 149, (2004) (quoting *United States v. Ramsey*, 431 U.S. 606, 616 (1977)). In addition to seeking protection from illegal entry, "Congress since the beginning of our Government, 'has granted the Executive plenary authority to conduct routine searches and seizures at the border, without probably casue or a warrant, in order to regulate the collection of duties and *to prevent the introduction of contraband into this country*.'" *Id.* at 153 (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531 (1985)) (emphasis added). "It is axiomatic that the United States, as sovereign, has the inherent authority to protect, and a paramount interest in protecting, its territorial integrity." *Id.* at 153. In *Flores-Montano*, the Supreme Court approved the routine removal and search of an automobile's gas tank conducted in the interest of protecting the borders from smugglers attempting to penetrate our borders with contraband secreted in their automobiles. *Id.* In this case, agents searched the Defendant's automobile at a border crossing for the same sovereign purpose.

1    The Court agrees with the Magistrate Judge's recommendation to deny the Motion to

2  Suppress Evidence because Defendant's vehicle was subject to a routine border search,

3  which did not require reasonable suspicion.  Like the Magistrate Judge, this Court does not

4  address the Government's assertion that reasonable suspicion existed for the search.

5    Defendant concedes the sufficiency of the *Miranda* warning, but argues in her

6  Objection that after invoking her right to counsel, agents reinitiated contact with her making

7  her subsequent waiver of her right to counsel involuntary, under *Edwards v. Arizona*, 451

8  U.S. 477 (1981) and *Maryland v. Shatzer*, 130 S. Ct. 1213 (2110).

9    Defendant argues, "Here, Ms. Morgan waived her *Miranda* rights against her will,

10  after she had invoked her right to counsel." "'When an accused has invoked his right to

11  have counsel present during custodial interrogation, a valid waiver of that right cannot be

12  established by showing only that he responded to further police-initiated custodial

13  interrogation even if he has been advised of his rights. . . [He] is not subject to further

14  interrogation by the authorities until counsel has been made available to him, *unless the*

15  *accused himself initiates further communications, exchanges, or conversations with the*

16  *police.*'" (Objection at 6) (quoting *Edwards*, 451 U.S. at 484-485) (emphasis added).

17    Defendant invoked her right to counsel after being *Mirandized* in the field where her

18  vehicle was searched.  She was transported back to the border patrol station in Casa Grande,

19  Arizona, which took approximately two hours.  Once at the station, she was processed,

20  which involved completing the I-214 advisement of rights form.  Essentially, she was "re-

21  *Mirandized*."[1]  The Defendant was also photographed for identification purposes.  She

22  complains that she was made to stand behind the pile of marijuana seized from her vehicle

23  for the picture.

---

24    [1]Defendant asserts that she was *Mirandized* three times: once in the field, once pursuant to

25  the I-214, and again "for a third time."  (Objection at 7 (citing TR at 41.)  The testimony by the
    agent was, "As I was advising Ms. Morgan once again of her *Miranda* rights, she indicated she

26  wanted to speak with me."  (TR at 41.).  The transcript read in its totality suggests that at page
    41 the agent is referring to the "re-*Mirandizing*" of the Defendant pursuant to the I-214 form,

27  which he testified to at page 40 and not a third additional *Mirandizing* of the Defendant.  (TR

28  at 40-42.)

1      The Defendant argues, "All of this was an implicit way of interrogating her,"

2   (Objection at 7), which caused her to believe she had no choice but to capitulate and waive

3   her *Miranda* rights, *id.* (citing *Davis v. United States*, 512 U.S. 452, 472-73 (1994)). "When

4   police have not honored an earlier commitment to provide a detainee with a lawyer, the

5   detainee likely will 'understan[d] his (expressed) wishes to ahve (sic) been ignored' and

6   'may well see further objection as futile and confession (true or not) as the only way to end

7   his interrogation.'" *Id.* The Defendant alleges she involuntarily made statements admitting

8   to transporting the drugs, but said she thought she was only transporting marijuana not

9   cocaine. In fact, "the marijuana seized from the defendant's vehicle was packaged in small

10  bricks, relatively similar to cocaine packaging." (Response to Objection at 8 n. 5.)

11      The Magistrate Judge properly explained, "Interrogation includes 'any words or

12  actions on the part of the police (other than those normally attendant to arrest and custody)

13  that the police should know are reasonably likely to elicit an incriminating response from the

14  suspect.'" (R&R at 8) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

15  *Mirandizing* the Defendant for a second time, pursuant to the I-214 form, during

16  administrative processing was not interrogation.

17      The Magistrate Judge was "disconcerted" that the Defendant was photographed with

18  the marijuana, and noted that it "could have been an attempt to use a display of

19  overwhelming evidence to pressure Defendant to give up her rights." The agent explained

20  that the marijuana was placed in the same room where Defendant was being processed and

21  where the camera was located because he was responsible for watching it. Neither the

22  presence of the marijuana nor the presence of other border patrol agents in the processing

23  area constituted interrogation. The fact that the Defendant was photographed standing

24  behind the marijuana may have been "unprofessional," but it did not turn what where

25  otherwise normal activities attendant to arrest and custody into interrogation.

26      The Court agrees with the Magistrate Judge's recommendation to deny the Motion to

27  Suppress the Statements.

CONCLUSION

28

- 5 -

1    After *de novo* review of the issues raised in Defendant's objections, this Court agrees

2   with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R

3   for determining the pending Motion to Suppress Evidence and Motion to Suppress

4   Statements.  The Court adopts the R&R, and for the reasons stated in the R&R, the Court

5   denies Defendant's motions.

6        **Accordingly,**

7        **IT IS ORDERED** that after a full and independent review of the record, in respect to

8   the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted

9   and adopted as the findings of fact and conclusions of law of this Court.

10       **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence (doc.

11  37) is DENIED.

12       **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statemetns

13  (doc. 38) is DENIED.

14       **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge

15  Charles R. Pyle for all pretrial proceedings and Report and Recommendation in accordance

16  with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States

17  District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

18       DATED this 11th day of August, 2011.

David C. Bury
United States District Judge